JOHN J. O'BRIEN *vs.* TIMES PUBLISHING COMPANY.

PROVIDENCE—MARCH 31, 1899.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Libel. Special Damage.*

Charging a police constable in a public newspaper, with intoxication while on duty is libellous *per se*, and there is no occasion to allege or prove special damage.

Such language has reference to his official character as a police officer, and hence renders him especially susceptible to injury.

*Semble*, when a person is slandered in the way of his trade, the fact of his being in such trade stands in the place of special damage.

TRESPASS ON THE CASE for libel. The alleged libel charged the plaintiff, a police constable, with being intoxicated when he reported at the station for roll call. Heard on petition of plaintiff for a new trial. New trial granted.

(1)    PER CURIAM. The Common Pleas Division erred in directing a nonsuit in this case. The language complained of is libellous *per se*, and hence there was no occasion to allege or prove special damage. Moreover, the language had reference to the plaintiff in his official character as a policeman, and hence rendered him specially susceptible to injury. *State v. Spear and Corbett*, 13 R. I. 324. It has been held that, even when a person is slandered in the way of his trade, the fact of his being in such trade stands in the place of special damage. *Rolin v. Steward*, 14 C. B. 603. "And," as said by the court in *Harman v. Delaney*, 2 Str. 898, "if bare words are so, it will be stronger in the case of a public newspaper, which is so diffusive." See also Townshend Lib. & Sl. §§ 179–182; Starkie on Slander, 168; Am. & Eng. Ency. L. vol. 13, 299.

Petition for new trial granted.

*Hugh J. Carroll*, for plaintiff.

*J. Osfield, Jr.*, for defendant.